Filed 3/10/25  P. v. Villalpando CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>            v.<br><br>JONATHAN VILLALPANDO,<br><br>    Defendant and Appellant. | F086978<br><br>(Super. Ct. No. BF180864A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Jonathan Villalpando appeals following his 2023 conviction and sentencing for voluntary manslaughter with a firearm enhancement. (Pen. Code, §§ 192, subd. (a), 12022.5, subd. (a).)[1] The sole claim raised on appeal is sentencing error under section 1170, subdivision (b), as amended by Senate Bill No. 567.[2] The trial court imposed upper terms for manslaughter and for the firearm enhancement. Defendant claims the court relied on aggravating factors that were not found in compliance with the amended statute, entitling him to vacatur of his sentence and remand for resentencing.

The People take the position that defendant forfeited his claim by failing to object and, alternatively, that any errors were harmless.

In view of the California Supreme Court's recent and substantial clarification of the law in *Lynch*, we decline to apply the forfeiture doctrine to defendant's claim of sentencing error. (*People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*).)[3] In accordance with *Lynch, supra*, at page 768, we conclude the trial court violated defendant's Sixth Amendment rights when it found, based on defendant's past juvenile adjudications, that "defendant has engaged in violent conduct that indicates a serious danger to society." (Cal. Rules of Court, rule 4.421(b)(1).)[4] The error is prejudicial under *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*) and, therefore, we vacate defendant's sentence and remand this matter for a full resentencing. (*Lynch, supra*, at p. 775.)

---

[1]    All further statutory references are to the Penal Code.

[2]    Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) (eff. Jan. 1, 2022).

[3]    The decision in *Lynch* was issued after defendant filed his opening brief but before the People filed their respondent's brief. Defendant did not file a reply brief.

[4]    All further references to rules are to the California Rules of Court.

## PROCEDURAL BACKGROUND

In May 2020, during an altercation in his mother's backyard, defendant shot and killed Eric Futrell, whom he had known since childhood.[5]  Defendant was arrested and charged with willful, deliberate and premeditated murder with a firearm enhancement under section 12022.53, subdivision (d).

Jury trial commenced in April 2023.  In May 2023, the jury returned a verdict acquitting defendant of first and second degree murder, but convicting him of voluntary manslaughter and finding that he personally used a firearm in the commission of the felony under section 12022.5, subdivision (a).  In addition, the jury found true the allegations that "[t]he crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness," and that "defendant was armed with or used a weapon at the time of the commission of the crime" (rule 4.421(a)(1), (2)).  The jury found not true the allegation that "[t]he manner in which the crime was carried out indicates planning, sophistication, or professionalism" (rule 4.421(a)(8)).

Defendant was sentenced in October 2023.  Based on the two aggravating factors found true by the jury and three additional factors set forth in the probation report, the trial court found the five aggravating factors outweighed the two mitigating factors it found, as discussed below.  The court then sentenced defendant to the upper term of 11 years for manslaughter and the upper term of 10 years for the firearm enhancement, for a total determinate term of 21 years.

Defendant filed a timely notice of appeal.

---

[5]     We need not include a detailed summary of the trial evidence because it is unnecessary to the resolution of defendant's claim of sentencing error under section 1170.

## DISCUSSION

### I.  Background

#### A.  Senate Bill 567

Effective January 1, 2022, Senate Bill 567 amended section 1170, codifying the holding in *Cunningham* "that, 'under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.'" (*Lynch, supra*, 16 Cal.5th at p. 742, quoting *Cunningham v. California* (2007) 549 U.S. 270, 281.)  "'Inhering in that guarantee is an assurance that a guilty verdict will issue only from a unanimous jury.'" (*Lynch, supra*, at p. 742, citing *Erlinger v. United States* (2024) 602 U.S. 821, 830 (*Erlinger*) & *Ramos v. Louisiana* (2020) 590 U.S. 83, 90, 92–93.)

As amended, section 1170, subdivision (b), now provides:

"(b)  [¶]  (1)  When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2)    The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.  Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements.  The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense.

"(3)    Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.  This paragraph does not apply to enhancements imposed on prior convictions.

"(4)    At least four days prior to the time set for imposition of judgment, either party or the victim, or the family of the victim if the victim is deceased, may submit a statement in aggravation or mitigation to dispute facts in the record or the probation officer's report or to present additional facts.  The court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to Section 1203.03, and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing.

"(5)    The court shall set forth on the record the facts and reasons for choosing the sentence imposed.  The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law.  A term of imprisonment shall not be specified if imposition of sentence is suspended.

"(6)    Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:

"(A)    The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.

"(B)    The person is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense.

5.

"(C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking.

"(7) Paragraph (6) does not preclude the court from imposing the lower term even if there is no evidence of those circumstances listed in paragraph (6) present."

With respect to enhancements, section 1170.1, as amended by Senate Bill 567, provides in relevant part:

"(d) [¶] (1) When the court imposes a sentence for a felony pursuant to Section 1170 or subdivision (b) of Section 1168, the court shall also impose, in addition and consecutive to the offense of which the person has been convicted, the additional terms provided for any applicable enhancements. If an enhancement is punishable by one of three terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

**B.** *Lynch*

Prior to the decision in *Lynch*, appellate courts agreed that Senate Bill 567 applied retroactively (*Lynch, supra*, 16 Cal.5th at p. 749), but they disagreed on the how to characterize the error and assess prejudice in the context of sentencings that occurred prior to the legislative change (*id.* at pp. 756–757), including whether the change in the law altered the scope of the trial court's sentencing discretion, implicating the standard articulated in *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*) (*Lynch, supra*, at p. 772). In a divided opinion, the majority in *Lynch* held, "Excluding properly proven prior convictions or a defense stipulation, a jury finding is now required for *all* facts actually relied on to impose an upper term" (*Lynch, supra*, at p. 757, italics added),

and "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established.  The violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true *all* of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements.  If the reviewing court cannot so determine, applying the *Chapman* standard of review, the defendant is entitled to a remand for resentencing" (*id.* at p. 768, italics added).

Further, the court held, "The current statute narrows [the trial court's sentencing] authority by creating a presumption against the upper term, which may be overcome only if the required facts are properly proven and the court concludes that term is justified.  These changes circumscribe the trial court's previously broad discretion to select whichever of the three terms of imprisonment serves the interests of justice.  As a result, the *Gutierrez* standard applies to sentences imposed before the statute's 2022 amendment, *or* when the record otherwise indicates that the court has not exercised its ""'informed discretion.'""" (*Lynch, supra*, 16 Cal.5th at p. 773, italics added, quoting *Gutierrez, supra*, 58 Cal.4th at p. 1391.)

### C.    Trial Court Proceedings

Defendant was charged with Futrell's death in 2020.  In 2023, subsequent to Senate Bill 567's amendment of section 1170, the prosecution amended the information to allege three aggravating sentencing factors:  "The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness"; "The defendant was armed with or used a weapon at the time of the commission of the crime"; and "The manner in which the crime was carried out indicates planning, sophistication, or professionalism."  (Rule 4.421(a)(1), (2), (8).)

Of these three factors, the jury found the first two true beyond a reasonable doubt and the third not true.

The probation report listed three additional aggravating factors: "defendant's prior convictions as an adult and sustained petitions in juvenile delinquency proceedings are numerous," "defendant's prior performance on juvenile probation and misdemeanor probation was unsatisfactory in that he violated terms and reoffended," and "defendant has engaged in violent conduct that indicates a serious danger to society as evidence[d] by his adjudication[s] for [section] 245[,subdivision ](a)(1) with [section] 12022.7, and [section] 243[, subdivision ](a)." (Rules 4.421(b)(1), (2), (5).) In addition, the probation report listed one mitigating sentencing factor, that defendant successfully completed deferred entry of judgment (DEJ) in one case. (Rule 4.423(b)(15).)

Prior to the sentencing hearing, defense counsel filed a statement in aggravation and mitigation seeking probation. The statement also acknowledged the two aggravating factors found true by the jury, but argued there was substantial provocation for the use of deadly force. In mitigation, the statement identified Futrell as the initial aggressor and noted defendant's struggle with drug addiction, including the possible use of methamphetamine leading up to the shooting

At the sentencing hearing, the prosecutor requested the trial court follow the probation officer's recommendation and impose the upper terms for the substantive offense and the enhancement, based on the five aggravating factors set forth in the probation report. The prosecutor also pointed out that while in custody, defendant committed an assault and was found in possession of a weapon, evidencing his failure to change his criminal behavior. In response, defense counsel argued that defendant's drug use played a large role in the crime and that jail politics rather than true character often drive actions in custody. Counsel requested the court not overly rely on the incidents that occurred in custody and impose either the middle terms for the offense and the enhancement or the upper term for the offense and the middle term for the enhancement.

Counsel renewed an earlier objection to the aggravating factors the jury found true, on grounds they were vague and overbroad, in violation of the federal due process clause.

The trial court acknowledged the letters received on behalf of both defendant and Futrell. The court stated it would include as a second mitigating factor that "[t]he victim was an initiator of, willing participant in, or aggressor or provoker of the incident." (Rule 4.423(a)(2).) However, the court concluded that the five aggravating factors outweighed the two mitigating factors, and imposed the upper term for the substantive offense and for the firearm enhancement.

### D. Summary of Claims

As an initial matter, defendant argues that if we conclude his objection to the jury instructions on aggravating factors was insufficient to preserve his claim of sentencing error, defense counsel rendered ineffective assistance of counsel. On the merits, defendant claims the trial court erred in relying on the three additional aggravating factors set forth in the probation report because they were not supported by certified records showing his prior juvenile adjudications and adult convictions (§ 1170, subd. (b)(3)), and the jury did not find that his past juvenile adjudications for assault and battery indicated he posed a serious danger to society (*id.*, subd. (b)(2)). He also claims the trial court's reliance on the jury's finding that he was armed with or used a weapon to impose the upper term for voluntary manslaughter constituted an improper dual use of facts. (*Id.*, subd. (b)(5); rule 4.420(g).) Finally, defendant claims the trial court failed to consider his drug addiction and use of methamphetamine leading up to the crime as a mitigating factor.

The People argue that defendant forfeited his claims of error because defense counsel did not object on the grounds now advanced on appeal, and counsel was not ineffective. In the alternative, citing *Erlinger, supra*, 602 U.S. 821, the People argue the trial court was entitled to find defendant's juvenile adjudications constituted engagement in violent conduct indicating a serious danger to society. The People concede the court

erred in relying on the other aggravating factors not found true by the jury or proved by certified records, but they argue the error was harmless beyond a reasonable doubt. The People also concede the court's reliance on defendant's use of a firearm to impose the upper term for manslaughter was a dual use of facts, but the error was harmless because there was no reasonable probability of a more favorable result absent the error,[6] and the trial court had discretion to impose the upper term based on a single aggravating circumstance.[7] With respect to defendant's drug addiction, the People argue the record reflects the court considered defendant's written statement in aggravation and mitigation, which addressed the issue, and his trial counsel argued the issue.

## II. Forfeiture

"""'[A] constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.'"" (*In re Sheena K.* (2007) 40 Cal.4th 875, 880–881 (*Sheena K.*).) 'Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal.' (*Sheena K.*, at p. 880.) '"The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]"' (*Id.* at p. 881.) Additionally, '[i]t is both unfair and inefficient to

---

[6] Under state law, "a 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

[7] Although the dual use of facts in this case is a state law issue given the jury's finding on the underlying factor, the People's argument is problematic because *Lynch* makes clear that where, as here, there is a constitutional error, it may not be deemed harmless based on a "subset of aggravating facts." (*Lynch, supra*, 16 Cal.5th at p. 761.) "It is true that nothing in section 1170[, subdivision ](b)(2) prohibits the court from imposing an upper term sentence based on a single, properly proven aggravating circumstance *if*, in the court's discretion, *that circumstance alone justifies* a sentence exceeding the middle term." (*Id.* at p. 764.) "But under the current statute, the court may do so 'only' if it determines 'in its sound discretion,' that a single aggravating circumstance 'justif[ies]' the upper term." (*Ibid.*)

10.

permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.'" (*People v. McCullough* (2013) 56 Cal.4th 589, 593 (*McCullough*).)

However, "'neither forfeiture nor application of the forfeiture rule is automatic. [Citation.]  Competing concerns may cause an appellate court to conclude that an objection has not been forfeited.'" (*In re F.M.* (2023) 14 Cal.5th 701, 710, quoting *McCullough, supra*, 56 Cal.4th at p. 593.)  We are mindful that "'discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 887–888, fn. 7), but assuming without deciding that the forfeiture doctrine applies in this context,[8] we decline to apply it here.

At the time defendant was sentenced, Courts of Appeal, including this court, were divided over the interpretation of section 1170, including how to define the error and how to assess prejudice.  (See *People v. Falcon* (2023) 92 Cal.App.5th 911, 918–919, 938–944, 950 (*Falcon*), review granted Sept. 13, 2023, S281242, disapproved in part by *Lynch, supra*, 16 Cal.5th at pp. 751, 768–769.)[9]  In *Lynch*, the California Supreme Court

---

[8]    In part, defendant's claim implicates his Sixth Amendment right to a jury trial on aggravating factors.  (*Lynch, supra*, 16 Cal.5th at p. 757.)  *Lynch* involved retroactive application of Senate Bill 567 and the California Supreme Court did not address the issue of forfeiture, waiver, or stipulation.  (*Lynch, supra*, at pp. 751, 769.)  However, the high court has stated, "When the constitutional right to jury trial is involved, we have required an express waiver even in cases in which the circumstances make it apparent that all involved—the trial court, the prosecutor, defense counsel, and the defendant—assumed that the defendant had waived or intended to waive the right to a jury trial" (*People v. French* (2008) 43 Cal.4th 36, 47; accord, *People v. Sivongxxay* (2017) 3 Cal.5th 151, 166.)  In other part, defendant's claim implicates the trial court's discretion to determine the fact of a prior conviction based on certified records and the dual use of facts, which are issues of state law.

[9]    In *Falcon, supra*, 92 Cal.App.5th at pages 918–919, 938–944, and 950, this court recognized the disagreement among appellate courts, summarized the approaches, and disagreed in part with this court's decision in *Dunn*.  (*People v. Dunn* (2022) 81 Cal.App.5th 394 [disapproved in part by *Lynch, supra*, 16 Cal.5th, at pp. 768–769, transferred back to our court Dec. 11, 2024, with directions to vacate our prior decision and reconsider, and opinion ordered depublished or not citable].)

stated, "The plain language of section 1170[, subdivision ](b)'s current version now requires that, excepting prior convictions and in the absence of a waiver or stipulation, aggravating facts relied upon to justify an upper term must be resolved by the jury beyond a reasonable doubt. What we must decide is the extent to which this right is tethered to the Sixth Amendment or is simply a state law entitlement. Resolution of that question dictates the appropriate standard of review." (*Lynch, supra*, at p. 755.) *Lynch* recognized that, relying on *People v. Sandoval* (2007) 41 Cal.4th 825 (*Sandoval*) and *People v. Black* (2007) 41 Cal.4th 799 (*Black II*), a "majority of appellate courts to consider this question have used both federal and state standards to address different aspects of the analysis. They have held that omission of a jury trial is harmless so long as a reviewing court, applying *Chapman*, can conclude beyond a reasonable doubt that *at least one* aggravating fact would have been found true by the jury." (*Lynch, supra*, at p. 756.) Thus, in finding reliance on *Sandoval* and *Black II* misplaced and holding that "under the current statute the facts supporting *every* aggravating circumstance upon which the trial court relies to 'justify' imposition of the upper term must be properly proven as the statute requires" (*Lynch, supra*, at p. 757), the decision in *Lynch* represents a substantial shift in the law.

Notably, *Lynch* is not a unanimous decision, and three justices disagreed with the majority's Sixth Amendment analysis. (*Lynch, supra*, 16 Cal.5th at p. 791 (dis. opn. of Guerrero, C.J.) [in accordance with *Black II* and *Sandoval*, "only a single aggravating fact is necessary under the current [determinate sentencing law] for a trial court to impose an upper term. Thus, only a single aggravating fact must be proved in compliance with the Sixth Amendment."]; *Lynch, supra*, at p. 783 (conc. & dis. opn. of Kruger, J., joined by Jenkins, J.) [Courts of Appeal correctly "concluded that the Legislature's return to a regime resembling the pre-2007 law means that the federal Constitution now requires a jury to find at least one circumstance in aggravation as a prerequisite to an upper term sentence. But …, in line with *Black II* and *Sandoval*, … the Constitution otherwise

12.

permits sentencing courts to make additional findings in deciding whether an upper term sentence is appropriate under the circumstances of the case."].)  Under these circumstances and on the record in this case, we conclude that defendant's failure to object does not forfeit review of his claim.  (See *Black II, supra*, 41 Cal.4th at pp. 811– 812 [declining to apply forfeiture doctrine to sentencings preceding decision in *Blakely v. Washington* (2004) 542 U.S. 296 because "'[w]ith its clarification of a defendant's Sixth Amendment rights, the *Blakely* court worked a sea change in the body of sentencing law'"], superseded by statute on other grounds as stated in *Lynch, supra*, 16 Cal.5th at p. 757; see also *People v. Montes* (2021) 59 Cal.App.5th 1107, 1119–1121 [declining to apply forfeiture to fines and fees challenge, pre-*People v. Dueñas* (2019) 30 Cal.App.5th 1157, because *Dueñas* constituted a marked departure from existing law].)

## III.  Reliance on Aggravating Factors Not Found True by Jury

### A.  Error

In addition to the two aggravating factors found true by the jury, the trial court found, based on the probation report and absent certified records, that defendant had numerous prior convictions or adjudications; his prior performance on probation was unsatisfactory; and in committing assault with a great bodily injury enhancement and battery as a juvenile, he engaged in violent conduct that indicates a serious danger to society.  (Rule 4.421(b)(1)–(2), (5).)  Defendant challenges the trial court's findings on the grounds that his prior convictions were not proven by certified records and that he was entitled to a jury determination on the question whether his prior conduct indicates a serious danger to society.  (§ 1170, subd. (b)(2)–(3); *Falcon, supra*, 92 Cal.App.5th at p. 953, review granted [probation report not a certified record].)[10]  The People concede the trial court's findings were not based on certified records as required under

---

[10]    There is no certified records exception with respect to enhancements, an issue the parties do not address.  (§ 1170.1, subd. (d)(2); rules 4.420(c), 4.428(a).)

section 1170, subdivision (b)(3), but, relying in relevant part on the United States Supreme Court's recent decision in *Erlinger*, they argue that under the prior conviction exception, the trial court properly found that defendant engaged in violent conduct based on his juvenile adjudications for assault and battery. (*Erlinger, supra*, 602 U.S. 821.) They contend the issue is a purely legal question and based on the statutory definitions of assault and battery, defendant necessarily engaged in violent conduct.

In *Erlinger*, the court considered whether the defendant had the right to have a jury determine whether the offenses underlying his prior convictions were committed on different occasions within the meaning of the Armed Career Criminal Act of 1984 (18 U.S.C. § 924(e)), thereby exposing him to a lengthy, mandatory prison term. (*Erlinger, supra*, 602 U.S. at p. 825.) In analyzing the issue, the court addressed the prior convictions exception in *Almendarez-Torres v. United States* (1998) 523 U.S. 224 (*Almendarez-Torres*), in which "the Court permitted a judge to undertake the job of finding the fact of a prior conviction—and that job alone." (*Erlinger, supra*, at p. 837.) The court stated, "It persists as a 'narrow exception' permitting judges to find only 'the fact of a prior conviction.' [Citation.] Under that exception, a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' [Citation.] We have reiterated this limit on the scope of *Almendarez-Torres* 'over and over,' to the point of 'downright tedium.'" (*Id.* at p. 838.) The court concluded that determining whether prior convictions occurred on at least three separate occasions, as the trial judge had done, exceeded the scope of the narrow *Almendarez-Torres* exception and violated the defendant's Fifth and Sixth Amendment right to have a jury find those facts unanimously and beyond a reasonable doubt. (*Erlinger, supra*, at pp 838–840.)

Prior to the decision in *Erlinger*, the California Supreme Court granted review to consider the scope of the *Almendarez-Torres* exception in *Wiley*, in which the appellate court held that "the prior conviction exception in section 1170, subdivision (b)(3)

14.

includes both the fact of a prior conviction and 'other related issues' [citation] that may be determined from a certified record of conviction." (*People v. Wiley* (2023) 97 Cal.App.5th 676, 685, review granted Mar. 12, 2024, S283326.) We note that in this case, defendant does not claim that the trial court erred in finding his prior convictions were numerous or that his prior performance on probation was unsatisfactory, but the People's argument concerning harmless error intimates an error beyond the absence of certified records with respect to the trial court's finding that defendant's prior convictions were numerous and his performance on probation unsatisfactory. However, we need not consider the scope of the prior conviction exception in this case, because even if we assume for the sake of argument that the trial court was permitted, consistent with the Sixth Amendment, to find defendant's prior adjudications evidence engagement in violent conduct,[11] as the People argue, this leaves the court's finding that his conduct indicates a serious danger to society. (Rule 4.421(b)(1).) Determining that defendant's juvenile adjudications for assault and battery indicate a serious danger to society necessarily requires factfinding beyond the fact of the conviction and the People do not advance a contrary argument.

We find the trial court committed constitutional error when it determined that defendant engaged in violent conduct indicating a serious danger to society and relied on that factor to aggravate defendant's sentence. (*Lynch, supra*, 16 Cal.5th at p. 761.) As

---

[11]  Assault is defined as "an unlawful *attempt*, coupled with a present ability, to commit a violent injury on the person of another" (§ 240, italics added), and battery is defined as "any willful and unlawful use of force *or* violence upon the person of another" (§ 242, italics added). Although the probation report reflects there was a sentence enhancement attached to defendant's juvenile assault adjudication for infliction of great bodily injury, the People's assertion that convictions or adjudications for assault and battery, by virtue of their elements, necessarily include a finding the defendant engaged in violent conduct does not appear tenable. Nevertheless, because their argument on this factor fails in any event, we will assume this specific argument has merit for the purpose of resolving the claim.

discussed next, the error is prejudicial, necessitating vacatur of defendant's sentence and remand for resentencing, irrespective of the other errors defendant complains of. (*Ibid.*)

## B. Prejudice

Pursuant to *Lynch*, a defendant "is entitled to a reversal and remand for resentencing unless, after examining the entire cause, including the evidence as to all relevant circumstances [citation], we can conclude that the omission of a jury trial was harmless beyond a reasonable doubt as to *every* aggravating fact the trial court used to justify an upper term sentence. In making this determination, we may '"examine[] what the jury *necessarily* did find and ask[] whether it would be impossible, on the evidence, for the jury to find *that* without *also* finding the missing fact as well." [Citation.] In other words, if ""[n]o reasonable jury"" would have found in favor of the defendant on the missing fact, given the jury's actual verdict and the state of the evidence, the error may be found harmless beyond a reasonable doubt.' [Citations.] We may also find the omission harmless if we can conclude beyond a reasonable doubt 'that the omitted [fact] was uncontested and supported by overwhelming evidence.'" (*Lynch, supra*, 16 Cal.5th at p. 775.)

We cannot find that no reasonable jury would have found in favor of defendant on the question of whether he engaged in violent conduct indicating a serious danger to society. In this case, the factor was tethered to defendant's past juvenile adjudications for assault and battery, offenses which we know nothing about from the record. Moreover, the factor is inherently subjective, and, therefore, finding that the failure to afford defendant a jury trial on the issue was harmless would require us to engage in sheer speculation. As the court cautioned in *Sandoval*, "[m]any of the aggravating circumstances described in the rules require an imprecise quantitative or comparative evaluation of the facts" (*Sandoval, supra*, 41 Cal.4th at p. 840), and "to the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with

16.

confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court" (*ibid.*). Accordingly, the error on this aggravating factor is not harmless beyond a reasonable doubt and, alone, entitles defendant to remand for resentencing.

## IV.     Other Claims of Error

We address defendant's remaining two claims of error to aid in clarifying matters for the purposes of resentencing. First, defendant claims the trial court erred in relying on his use of a weapon to impose the upper term for manslaughter. The jury found that defendant was armed with or used a weapon, but section 1170, subdivision (b)(5), provides, "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." The People do not dispute this was error.

Second, defendant claims that the trial court erred in failing to consider his drug addiction as a mitigating factor. As defendant argues, drug addiction *may* be considered as a mitigating factor. (Rules 4.420(d), 4.423(c); *People v. Reyes* (1987) 195 Cal.App.3d 957, 964.) However, it is not necessarily a mitigating factor and may instead be an aggravating factor, depending on the circumstances. (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511; *Reyes, supra*, at p. 964.) In this case, defense counsel addressed defendant's drug addiction as a mitigating factor in his written statement in aggravation and mitigation, and also argued it was a mitigating factor during the sentencing hearing. The court expressly stated it had considered all of the information submitted and all of the factors, and it concluded that the factors in mitigation were the victim's aggression and defendant's successful completion of DEJ. There is no support in the record for a claim that the court neglected to consider the information, and the court was not required to conclude that defendant's drug addiction was a mitigating factor. Defendant does not claim otherwise and, for these reasons, we find no merit to his claim of error.

17.

## DISPOSITION

Defendant's sentence is vacated and this matter is remanded for a full resentencing. The judgment is otherwise affirmed.

MEEHAN, Acting P. J.

WE CONCUR:

DeSANTOS, J.

FAIN, J.*

---

*     Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.